ATTORNEYS FOR THE RESPONDENT
Kevin P. McGoff
James J. Bell
Indianapolis, Indiana

ATTORNEY FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Indianapolis, Indiana

_____

### In the
# Indiana Supreme Court


FILED
Nov 21 2008, 11:25 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S00-0805-DI-276

IN THE MATTER OF:

ANONYMOUS,

                                                    *Respondent.*

Attorney Discipline Action

**November 21, 2008**

**Per Curiam.**

This matter is before the Court on the "Statement of Circumstances and Conditional Agreement for Discipline" submitted by the Indiana Supreme Court Disciplinary Commission and Respondent pursuant to Indiana Admission and Discipline Rule 23(11). The Respondent's admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. We approve the parties' agreement that Respondent engaged in attorney misconduct by improperly using subpoenas before the commencement of litigation and that Respondent should receive a private reprimand.

### Background

Respondent represented an insurance company. A third person made a claim against the company, asserting that an insured had caused personal injury to him. Before any legal action had been filed, Respondent served the third person on three separate occasions with a subpoena

duces tecum commanding the third person to appear for an examination under oath with specified documents. Each subpoena commanded production of the documents pursuant to "Indiana Trial Rule 45(B)" and purported to be issued "pursuant to the provisions of Trial Rule 34(C) and 45(A)(2) of the Indiana Rules of Procedure." The third party did not comply with any of the subpoenas.

The parties agree that Respondent had no authority to use subpoenas before litigation had commenced and that Respondent violated these Professional Conduct Rules, which prohibit the following misconduct:

> Rule 4.4(a): Using means in representing a client that have no substantial purpose other than to embarrass or burden a third person or using methods of obtaining evidence that violate the legal rights of a third person.

> Rule 8.4(d): Engaging in conduct prejudicial to the administration of justice.

There are no facts in aggravation. Respondent has no prior disciplinary history. The parties propose that Respondent receive a private reprimand.

## Discussion

Indiana Trial Rule 45 provides:

**(A) For Attendance of Witnesses--Form--Issuance.**
>    (1) Every subpoena shall:
>        (a) *state the name of the court;*
>        (b) *state the title of the action* (without naming more than the first named plaintiffs and defendants in the complaint and the case number); and
>        (c) command each person to whom it is directed to attend and give testimony at a time and place therein specified.

>    (2) The clerk shall issue a subpoena, or a subpoena for the production of documentary evidence, signed and sealed but otherwise in blank, *to a party requesting it or his or her attorney,* who shall fill it in before service. An attorney admitted to practice law in this state, as an officer of the court, may also issue and sign such subpoena on behalf of (a) a court *in which the attorney has appeared for a party;* or (b) a court in which a deposition or production is compelled by the subpoena, if the deposition or production *pertains to an action pending in a court where the attorney has appeared for a party in that case.*

**(B) For production of documentary evidence.** A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein . . . .

. . . .

**(F) Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued, or court of the county where the witness was required thereunder to appear or act. The attendance of all witnesses when duly subpoenaed, and to whom fees have been paid or tendered as required by law may be enforced by attachment.

(Italicized emphases added.) The italicized language makes it clear that subpoenas under this rule are available only after an action has been filed. In addition, the provisions of Rule 34(C) (the other rule cited in Respondent's subpoenas) and Rule 1 (scope of the rules) reinforce the requirement that a civil action be pending before subpoenas under Rule 45 may issue.

By using subpoenas, Respondent purported to issue orders on behalf of a court, rather than simply making requests on behalf of an insurance company. Respondent's improper use of subpoenas tended to give the third party (who apparently was unrepresented) the false impression that he could be held in contempt of court if he failed to appear and produce the documents requested.

An offense of this gravity would usually have warranted discipline more severe than a private reprimand, but in light of the lack of adverse consequences and Respondent's cooperation with the Commission, the Court approves the agreed discipline.

## Conclusion

For Respondent's professional misconduct by improperly using subpoenas before the commencement of litigation, the Court imposes a private reprimand. The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer and to the parties or their respective attorneys.


All Justices concur.